ORIGINAL

DANILO T. AGUILAR
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Building
Ghiyeghi St. & Wischira Way, San Jose
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Plaintiff
John (Jack) Angello

FILED
Clerk
District Court

AUG 1 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN MARIANAS COLLEGE,<br><br>Defendant. | CIVIL ACTION NO. 03-0014<br><br>**PLAINTIFF'S'S OPPOSITION TO DEFENDANT'S MOTION FOR THE LEVYING OF SANCTIONS**<br><br>Date:  September 6, 2005<br>Time:  10:00 a.m.<br>Judge: The Hon. David Wiseman |

COMES NOW Plaintiff, John (Jack) Angello, by and through counsel of record, Danilo T. Aguilar, to oppose Defendant's Motion for the Levying of Sanctions. Angello bases his opposition on the following:

<u>INTRODUCTION</u>

As a preamble to this opposition, Plaintiff strenuously disputes the remarks of the Defense Counsel in his Motion for

-1-

Levying Sanctions, in which he contends that Plaintiff shows a lack of respect for this Honorable Court and contempt for its orders.

 1.  *No Request for CV03-0014 Discovery was Made.*  Nowhere in Plaintiff's Open Government Act request of August 1, 2005 is there mention of a request for discovery for District Court Case 03-0014.  As Defendant's counsel continually points out in his misdirected attempts to taint Plaintiff's reputation, Plaintiff is not attempting to disrespect an order from this Court via backdoor methods, but is actively involved in <u>several legitimate matters</u> of litigation and research involving the Northern Marianas College.  Furthermore, there are several upcoming matters in the very near future, which are outside of CV03-0014 in the District Court, that the requested documentation will be used.  Moreover, if the NMC documentation that Plaintiff requested in his Open Government Act letter of August 1, 2005 is given to the Plaintiff and it appears in this case at hand, then this Court has the option to order the removal of such documentation, if warranted.

 2.  *Counsel for Defense States a Clear Untruth in His "Declaration of Counsel in Support of Sanctions".*  In Mr. Smith's Declaration , page two, item 5, dated August 3, 2005, he states that: "…Plaintiff Angello sent a request to the Northern Mariana College ("NMC") in an attempt to obtain the <u>exact</u> documents he was denied…" (no emphasis added).  In truth, Plaintiff Angello **did not** request the same **exact** documents in his Open Government request of

-2-

8/1/05. Some documents were the same, but the majority of documents, e.g., "Dean's" documents, additional budget documents for Business and Computer Programs, and additional documents for the School of Education make the request quite different than the documents requested in Plaintiff's Motion to Compel.

3. *Plaintiff's Doctor of Education and Research is a Continuous Process.* Plaintiff Angello has opposed NMC's administrative policies (La Fiesta) in the past, and he is currently researching the NMC's attempts to scrapped the NMC Technical Trades Programs, in which Angello was Director from 1996 to 2002, and may possibly be Director again after this case. Furthermore, Plaintiff is often contacted by the legislature for input on the state of educational affairs for the CNMI. Angello cannot be denied access to NMC's public documents, and he will abide by CNMI law in the inspection, copying and utilization of them in the future.

4. *The CNMI Constitution mandates that the CNMI Attorney General has the ultimate responsibility over NMC's legal affairs.* This Court should make Mr. Smith, counsel for the Defendant, prove that he is designated as an Assistant Attorney General and ultimately the duly authorized litigator for NMC in this Motion at hand, or in any further attempts to represent an agency of the executive branch and NMC. The CNMI Constitution, Article III, § 11, clearly states, in part: "The Attorney General shall be responsible for providing legal advice to the governor and executive departments, representing the Commonwealth in all legal

<u>matters,</u> and prosecuting violations of Commonwealth law." (Emphasis added). It has already been ruled and not challenged in this U.S. District Court that NMC is part of the executive branch and therefore, should be represented by the CNMI Attorney General. See *Oden v. Northern Marianas College, et al.,* Order Granting Defendants NMc, Board of Regents, and McPhetres's Motion for Summary Judgment and Dismissing Supplemental Common Law Claims Without Prejudice, dated October 29, 1999, signed by Judge Alex R. Munson. As stated in CV03-0014 of this Court's earlier Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Portions of the Second Amended Compliant, filed February 13, 2004, the Court refrained from interfering into CNMI jurisdiction, as stated, "Here the CNMI's Open Government Act expressly gives jurisdiction to the Commonwealth Superior Court for alleged violations of the Open Government Act." Furthermore, in 1 CMC § 9917(a), provides the <u>Commonwealth Attorney General</u> or <u>designated assistant attorney general</u> as those responsible for determining which records may be withheld *for public inspection*.

5.   *Order Denying Plaintiff's Motion to Compel did not Prohibit Plaintiff from Seeking Documents by Alternate Means.* Plaintiff respected the ruling of the Court in denying his Motion to Compel, but the ruling was based on a technicality, and not on the merits. Furthermore, there is no protective order granting NMC exemption from having its public documentation inspected by other means, and Plaintiff believes that this Court did not intend to stop Plaintiff from exercising his rights under Commonwealth

-4-

law and the CNMI Open Government Act.

6. *F.R.C.P 37 dictates that parties meet and confer before filing of certain motions.* As Defendant continually reminds Plaintiff about "meet and confer", Defendant seems to have a lapse in judgment concerning this matter at hand. A letter from Defense Counsel concerning the 8/1/05 Open Government request was delivered to Counsel for the Plaintiff's office at 4:05 p.m. on August 3, 2005, which was <u>after</u> the Motion for Levying Sanctions was already filed in this Court.

### CONCLUSION

Based upon the Plaintiff's opposition to this Motion for Levying Sanctions, Plaintiff respectfully requests that this Court deny the Defendant's motion and issue an order for Mr. Smith to validate his legitimacy as a designated Assistant Attorney General and NMC's duly authorized counsel of record.

Dated this ___16th___ day of August, 2005.

_____
DANILO T. AGUILAR, F0198
Attorney for Plaintiff