FILED
Clerk
District Court

DEC 21 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

1  DANILO T. AGUILAR
   Attorney at Law
2  P.O. Box 505301
   First Floor, San Jose Court Bldg.
3  Cor. Ghiyeghi St. & Wischira Way
   San Jose, Saipan, MP 96950
4  TELEPHONE: (670) 234-8801
   FAX: (670) 234-1251
5
   Attorney for Plaintiff
6      JOHN (JACK) ANGELLO

7
           IN THE UNITED STATES DISTRICT COURT
8
                        OF THE
9
              NORTHERN MARIANA ISLANDS
10

11  JOHN (JACK) ANGELLO,              CIVIL ACTION NO. 03-0014

12              Plaintiff,
                                      **PLAINTIFF'S MOTION IN**
13         v.                         **LIMINE TO EXCLUDE CERTAIN**
                                      **EXHIBITS FROM**
14  NORTHERN MARIANAS COLLEGE,        **INTRODUCTION AT TRIAL**

15              Defendant.

16

17         Comes now Plaintiff, Jack Angello, and moves the Court for an Order

18  in Limine precluding Defendant from introducing certain exhibits noted on

19  Defendant's exhibit list.  These exhibits are listed as follows: (1) Deposition of

20  Jack Angello taken on September 30 and October 5, 2005; (2) Memo of Human

21  Resources Office to File dated November 27, 2002; (3) NMC Organization

22  Redesign changes (25 pages); (4) Wright's Notices of Termination to 11 NMC

23  employees; (5) NMC Grievance File No. 03-001; and (6) NMC Grievance File No.

24  04-006.

25         In support of said motion Plaintiff shows the following:

26

27

28

1.    That on or about July 7, 2004, Plaintiff served upon F. Matthew Smith, attorney of record for Defendant Northern Marianas College, Plaintiff's First Request For Production of Documents and Other Things To Defendant. Attached hereto marked as Exhibit "A" is a copy of the Request with a stamp indicating receipt of the said request for documents by Attorney Smith's office.

2.    Pursuant to Com.R.Civ.P.34(b) Defendant responded to the Request For Production and offered to allow inspection and copying at the office of Defendant's counsel.

3.    On or about March 9, 2005, Plaintiff's counsel served a second set of requests for production of documents upon counsel for Defendant. A copy of the receipt bearing the signature of an employee of Mr. Smith's office is attached hereto as Exhibit "B".

4.    On or about May 20, 2005, Plaintiff's counsel received a letter from defendant's counsel, dated May 19, 2005, objecting to the production of certain items in the requests. A copy of the letter is attached as Exhibit "C".

5.    On or about June 3, 2005, Plaintiff, Jack Angello went to the offices of defendant's counsel to review documents offered for inspection. After inspection, Plaintiff Angello selected all documents he believed to be relevant to the case before the Court.

6.    On or about December 21, 2005, Plaintiff's counsel received a copy of Defendant's exhibit list. After reviewing the exhibit list, Plaintiff determined that a number of documents listed on Defendant's exhibit list were not available for inspection and were not disclosed during discovery. *See* Declaration of Jack Angello.

2

One purpose of discovery is to eliminate trial by ambush.  Failure of party to respond to a discovery request without any sanction for such failure to respond violates the foregoing purpose. Fed.R.Evid. 403 vests the Court with authority to exclude otherwise admissible evidence if the prejudicial effect of admitting the evidence outweighs its probative value.  Defendant, although given more than adequate time to produce the documents requested, simply failed to do so and did not disclose certain important documents.  In fact, Defendant actually objected to production of the employee grievances, but now seeks to introduce Grievance File Nos. 03-001 and 04-006.

With the exception of the deposition of Jack Angello, the exhibits identified above were requested by Plaintiff in a Request for Production of Documents.  Plaintiff was not aware that these exhibits would be used until the eve of trial.  Admission of these exhibits would violate the discovery rules and admission would simply reward a disregard for the rules.  The exhibits noted above should be excluded from introduction at trial.

As for the deposition of Jack Angello, its introduction or use at trial is being objected because Jack Angello, as the deponent, was never provided the opportunity to review deposition transcript and to make changes on the transcript. *See* FRCP 30(e).  Defendant should be precluded from using the deposition transcript during trial.

Plaintiff's counsel and Defendant's counsel are aware that issues whether to admit an exhibit is a matter that may be resolved by the parties.  The parties are scheduled to meet Thursday afternoon to finalize their respective exhibits and the objections raised in this motion may be rendered moot.  However,

1    this motion in limine has been filed to preserve Plaintiff's objections to

2    Defendant's exhibits, pursuant to this Court's pretrial order, in the event that the

3    matter cannot be resolved by the parties.

4            WHEREFORE Plaintiff moves the Court for an order precluding

5    Defendant from introducing the following documentary evidence: : (1) Deposition

6    of Jack Angello taken on September 30 and October 5, 2005; (2) Memo of Human

7    Resources Office to File dated November 27, 2002; (3) NMC Organization

8    Redesign changes (25 pages); (4) Wright's Notices of Termination to 11 NMC

9    employees; (5) NMC Grievance File No. 03-001; and (6) NMC Grievance File No.

10   04-006.

11           Respectfully submitted this 2|st day of December, 2005.

12

13

14

15

16

17   DANILO T. AGUILAR, F0198
     Attorney for Plaintiff
18   Jack Angello

19

20

21

22

23

24

25

26

27

28

4

DANILO T. AGUILAR
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1250

Attorney for Plaintiff
John (Jack) Angello

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN MARIANAS COLLEGE,<br><br>Defendant. | CIVIL ACTION NO. 03-0014<br><br>**DECLARATION OF JOHN (JACK) ANGELLO IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE** |

Pursuant to 28 U.S.C. § 1746, John (Jack) Angello declares the following:

1.    My name is John (Jack) Angello.  I make this declaration based upon my personal knowledge.

2.    I met with my attorney, Danilo T. Aguilar, on or about December 21, 2005, to discuss the failure of NMC to produce certain documents for inspection, and the failure to give Plaintiff a copy of a deposition (9/30 and 10/05, 2004, in for

-1-

Plaintiff to inspect and make any corrections.

3.   I was not given nor have I seen a 3/05/01 memo from NMC Sablan to Angello (re: Board Policy No. HR4360), as listed on NMC's list of proposed documents.

4.   I was not given for review and corrections a transcribed deposition, nor have I seen the deposition taken on September 30 and October 5, 2004, as listed on NMC's list of proposed documents.

5.   I was not given nor have I seen an 11/27/02 HRO memo to file, as listed on NMC's list of proposed documents.

6.   I was not given nor have I seen all the (25) NMC Organization Redesign Charts, as listed on NMC's list of proposed documents.

7.   I was not given nor have I seen ten of Wright's Notices of Termination to 11 NMC Employees (9-24-02), as listed on NMC's list of proposed documents.  I have only seen my own notice.

8.   I was not given nor have I seen a NMC Grievance File No. 01-001, as listed on NMC's list of proposed documents.

9.   I was not given nor have I seen a NMC Grievance File No. 02-004, as listed on NMC's list of proposed documents.

10.   I was not given nor have I seen a NMC Grievance File No. 03-001, as listed on NMC's list of proposed documents.

11.   I was not given nor have I seen a NMC Grievance File No. 04-006, as listed on NMC's list of proposed documents.


I declare under penalty of perjury that the foregoing is

-2-

true and correct.

Executed on this 21st day of December, 2005

John (Jack) Angello

-3-

1  DANILO T. AGUILAR
   Attorney at Law
2  P.O. Box 505301
   First Floor, Gold Beach Hotel
3  Beach Road, Garapan
   Saipan, MP 96950
4  TELEPHONE: (670) 233-8801
   FAX: (670) 233-1250
5
   Attorney for Plaintiff
6  John (Jack) Angello

7/7/04 11:15ᵃᵐ

7

8              IN THE UNITED STATES DISTRICT COURT

9                         FOR THE

10                THE NORTHERN MARIANA ISLANDS

11  JOHN (JACK) ANGELLO,              CIVIL ACTION NO. 03-0014

12            Plaintiff,

13         v.

14  NORTHERN MARIANAS COLLEGE,        **PLAINTIFF JOHN (JACK)**
                                      **ANGELLO'S FIRST REQUEST**
                                      **FOR PRODUCTION OF**
15            Defendant.              **DOCUMENTS AND THINGS**

16

17  **TO:**      **NORTHERN MARIANAS COLLEGE AND ITS ATTORNEY OF**
18              **RECORD,**

19              YOU ARE HEREBY REQUESTED, pursuant to Rule 34 of the Federal

20  Rules of Civil Procedure, to respond, produce or make available to Plaintiff for

21  inspection and copying, in accordance with the instructions and definitions set

22  forth below, within thirty (30) days after service is made upon you, at the Law

23  Offices of Danilo T. Aguilar, First Floor Gold Beach Hotel, Beach Road,

24  Garapan, P.O. Box 505301 Saipan MP 96950, the following documents and things

25
    described below.
26

27

28



# I.

## DEFINITIONS

A.    "Documents" means the original and any non-identical copy of all "writings," "recordings," and "photographs" as those terms are defined in the Federal Rules of Evidence including, but not limited to, letters, telegraph, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulation, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meeting and conferences, records of conversations and telephone calls, still photographs, video tapes, motion pictures, tape recording, recording made through date processing techniques, and the written information necessary to understand and use such films and records.

B.    Documents "relating to" or that "relates to" any given subject means any document that is whole or in any part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, a document concerning the preparation of the other documents.

C.    The words "you", or your," "yours," and "Defendant" refers to Northern Marianas College (hereafter "NMC"), any of its Board of Regents' members, presidents (acting or otherwise), vice presidents, deans, directors, administration personnel, faculty members, managers, employees, attorneys, accountants, consultants, representatives, agents, independent contractors, or assigns.

## II

## INSTRUCTIONS

1.    Under Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request. Accordingly, whenever a document or group of documents is taken out of a file folder, file the drawer, file box, or notebook, before the same is produced, you are required to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents were removed.

2.    For each document responsive to this request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

        a)    The number or subject of each paragraph of this request that seek production;

        b)    The name and title of the author(s);

        c)    The name and title of each person to whom the document was addressed;

        d)    The name and title of each person to whom the copy of the document was sent;

        e)    The date of the document;

        f)    The number of the pages;

3

g)    A brief description of the nature and subject matter of the document;

h)    The identity of each person to whom the document, its content, or any portion thereof is known or has been disclosed;

i)    The exact location of the original and each copy as of the date of receipt of this request; and

If the document was withheld on any ground other than privilege, each basis that you contend justifies its withholding. For purposes of this instruction, persons shall be identified by giving the title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, if known.

3.    If you are aware of any document otherwise responsive to this request, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of the document the last date in which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has regarding the document.

4.    Reference to the singular includes the plural and reference to the plural includes the singular.

5.    The production request shall be deemed to be continuing under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

4

### III

### <u>DOCUMENTS REQUESTED</u>

1.    All documents concerning, evidencing, or relating to the administration and management of NMC employees from January, 2002, to the present.

2.    All documents concerning, evidencing, or relating to any and all NMC Board of Regents' meetings, including committee meetings, special meetings, and regular meetings, both open or closed meetings, from January, 2002, to the present.

2.    All documents concerning, evidencing or relating to the hiring of Kenneth Wright in 2002, and his termination in 2004.

3.    Copies of financial statements produced by Northern Marianas College for the years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003 and 2004.

3.    All documents concerning, evidencing, or relating to the termination of eleven (11) NMC employees on September 24, 2002 and thereafter.

4.    All documents concerning, evidencing, or relating to the NMC reorganization in 2002 and 2003, any reassignments or reduction in force actions during that time frame implementing the reorgainization.

5.    All documents concerning, evidencing or relating to all NMC open vacancies and/or positions, their corresponding vacancy announcements, and the actions by NMC pertaining to those open vacancies and/or positions from January, 2002, to the present.

1          6.     All documents concerning, evidencing, or relating to the NMC

2   Pacific Rim Academy Program from 1998 to the present.

3          7.     All documents concerning, evidencing, or relating to the NMC

4   Pacific Gateway Project or Program from 2002 to the present.

5

6          8.     Copies of annual corporation reports filed with the Registrar of

7   Corporations for the years 1996 through 2003.

8          9.     Copies of NMC annual reports and NMC Reports on the P.L. 5-

9   32 /10-66 Funding from 1992 to the present.

10         10.    Copies of the NMC Board of Regents' Policies in 2002 and the

11  present policies.

12

13         11.    Any and all documents concerning, relating to or referencing

14  budgetary matters between NMC and Plaintiff from1996 through 2002.

15         12.    Any documents whatsoever supporting, evidencing or pertaining

16  to YOUR affirmative defenses.

17         13.    Any reports provided to you by experts, or other retained

18  consultants in connection with any or relating to YOUR affirmative defenses.

19         14.    Each and every document, exhibit or other matter, which you

20  intend to introduce into evidence at a trial of this matter.

21

22

23         Dated this ___6th___ day of July, 2004.

24

25

26

27  _____
    DANILO T. AGUILAR
28  Attorney for Plaintiff
    John (Jack) Angello

                                    6

Law Office of
# Danilo T. Aguilar
First Floor, San Jose Court Bldg.
Cor. Ghiyeghi St. & Wischira Wy
P.O. Box 505301, San Jose
Saipan, MP 96950

**R2807-02**

Date: 3/9/05

**Tel: (670) 234-8801**                                    **Fax: (670) 234-1251**

☒ **Delivered To :**      MATTHEW SMITH
☐ **Received From :**

**Documents Received:**

John (Jack) Angello v. Northern Marianas College
Civil Action No. 03-0014

**PLAINTIFF JOHN (JACK) ANGELLO'S SECOND
REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS**

PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

**Date Received:**      _March 9, 2005_

**Time:**      _9:40am_

**Received By:**      _Judi C. Fujihira_
                              Print Name

                              _(signature)_
                              Signature

EXHIBIT
**B**
tabbies

DANILO T. AGUILAR
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Building
San Jose
Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Plaintiff
John (Jack) Angello

IN THE UNITED STATES DISTRICT COURT

FOR THE

THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO, | CIVIL ACTION NO. 03-0014 |
| Plaintiff, | |
| v. | |
| NORTHERN MARIANAS COLLEGE, | **PLAINTIFF JOHN (JACK) ANGELLO'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| Defendant. | |

**TO:**    **NORTHERN MARIANAS COLLEGE AND ITS ATTORNEY OF RECORD,**

YOU ARE HEREBY REQUESTED, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to respond, produce or make available to Plaintiff for inspection and copying, in accordance with the instructions and definitions set forth below, within thirty (30) days after service is made upon you, at the Law Offices of Danilo T. Aguilar, First Floor, San Jose Court Building, P.O. Box 505301 Saipan MP 96950, the following documents and things described below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## __DEFINITIONS__

A.    "Documents" means the original and any non-identical copy of all "writings," "recordings," and "photographs" as those terms are defined in the Federal Rules of Evidence including, but not limited to, letters, telegraph, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, index, charts, tabulations, statistical accumulation, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meeting and conferences, records of conversations and telephone calls, still photographs, video tapes, motion pictures, tape recording, recording made through date processing techniques, and the written information necessary to understand and use such films and records.

B.    Documents "relating to" or that "relates to" any given subject means any document that is whole or in any part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, a document concerning the preparation of the other documents.

C.    The words "you", or your," "yours," and "Defendant" refers to Northern Marianas College (hereafter "NMC"), any of its Board of Regents' members, presidents (acting or otherwise), vice presidents, deans, directors, administration personnel, faculty members, managers, employees, attorneys, accountants, consultants, representatives, agents, independent contractors, or assigns.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II

## INSTRUCTIONS

     1.     Under Rule 34 of the Federal Rules of Civil Procedure, you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this request. Accordingly, whenever a document or group of documents is taken out of a file folder, file the drawer, file box, or notebook, before the same is produced, you are required to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents were removed.

     2.     For each document responsive to this request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

          a)     The number or subject of each paragraph of this request that seek production;

          b)     The name and title of the author(s);

          c)     The name and title of each person to whom the document was addressed;

          d)     The name and title of each person to whom the copy of the document was sent;

          e)     The date of the document;

          f)     The number of the pages;

g)   A brief description of the nature and subject matter of the document;

h)   The identity of each person to whom the document, its content, or any portion thereof is known or has been disclosed;

i)   The exact location of the original and each copy as of the date of receipt of this request; and

If the document was withheld on any ground other than privilege, each basis that you contend justifies its withholding. For purposes of this instruction, persons shall be identified by giving the title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, if known.

3.   If you are aware of any document otherwise responsive to this request, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of the document the last date in which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has regarding the document.

4.   Reference to the singular includes the plural and reference to the plural includes the singular.

5.   The production request shall be deemed to be continuing under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

4

1

2

3

## III

4

### DOCUMENTS REQUESTED.

5

6     1.    Copies of any and all documents or tape recordings concerning,

7  evidencing, or relating to any and all NMC Board of Regents' minutes for all

8  meetings, including committee meetings, special meetings, and regular meetings,

9  both open and closed meetings, from June, 1996, to the present.  These documents

10  were missing from the first production of documents from NMC.

11

12     2.    Copies of any and all documents pertaining to the job vacancy

   announcement and selection process of NMC's president (Kenneth Wright) in
13

14  2002. These documents were missing from the first production of documents from

15  NMC.

16     3.    Copies of any and all documents pertaining to the agendas and

17  minutes of the NMC Academic Council from 1996 to the end of 2002.

18     4.    Copies of any and all documents concerning, evidencing or

19  relating to any and all employee grievance hearings from 2002 to the present.

20

21     5.    Copies of any and all documents concerning, relating to or

22  referencing vocational budgetary matters between NMC and Plaintiff from1996

23  through 2002.  These documents were missing from the first production of

24  documents from NMC.

25     6.    Copies of any and all documents concerning, evidencing or

26  relating to the EEO, grievance and EEOC complaints filed by Angello in 1998,

27  1999, 2000, 2001, 2002, 2003 and 2004.

28

7.    Copies of any and all documents concerning, evidencing or relating to the Western Association of Schools and Colleges' accreditation matters and warning status involving the Northern Marianas College, both senior and junior college levels, from January of 2002 to the present.

8.    Copies of any and all documents concerning, evidencing or relating to the NMC Financial Statements for the fiscal year ending in September, 2002, 2003 and 2004.

9.    Copies of any and all documents concerning, evidencing or relating to the planning, purchase, operations and the transfer to the CNMI Executive Branch of the La Fiesta Mall.

10.    Copies of any and all documents concerning, evidencing or relating to planning and implementation of a new reorganization plan at NMC, including managements review and desk audits, as announced by the NMC Board of Regents and NMC President's Office on or about January 24, of 2005.

11.    Each and every document, exhibit or other matter, which you intend to introduce into evidence at a trial of this matter.

Dated this _20th_ day of February, 2005.

DANILO T. AGUILAR
Attorney for Plaintiff
John (Jack) Angello

6

LAW OFFICE OF
# F. MATTHEW SMITH, LLC
. 2ᴺᴰ FLOOR, UIU BUILDING, SAN JOSE

**FAXED** BY ᴶDATE ᵘᵛ 8/19/05

670-234-7455, PHONE
670-234-7256, FAX

ATTORNEY.MATT.SMITH@GMAIL.COM
P.O. BOX 501127, SAIPAN, MP 96950

May 19, 2005

Danilo T. Aguilar, Esq.
Law Office of Danilo T. Aguilar
First Floor, San Jose Court Building
Cor. Ghiyeghi St. & Wischira Way, San Jose
P.O. Box 505301
Saipan, MP 96950

5/20/05
3:30
Bmf

Re:     *Angello v. NMC,* Civil Case No. 03-0014
        **Request for Production of Documents**

Dear Dan:

Thank you for allowing me some extra time to respond to your April 29th letter and good faith attempt to meet and confer about the discovery you have requested from NMC.

As you are aware, I have met with NMC and we have discussed your arguments for further documents. Also, as previously mentioned on the phone, we continue to take issue with some of the requests but can and do offer the following additional information:

1.      Copies of minutes of the Board of Regents' Executive Session Meeting on September 23, 2002. I have been provided a copy of what I believe are the draft minutes from the Executive Session. I need to confirm that they have been adopted and that no privilege applies. Otherwise, I can provide a copy to you by Friday, May 27, 2005.

2.      Document pertaining to the job vacancy and selection process for former President Ken Wright. We continue to object to this request as irrelevant. Mr. Angello is alleging he was *terminated* because of his EEOC complaint, not that he failed to get a job because of it.

3.      Documents pertaining to Academic Council meetings and minutes from 1996 until the end of 2002. We continue to object to this request as irrelevant. Nevertheless, NMC is searching for agendas and minutes but believes they only go back as far as 1997 or 1998. Once located, these can be provided. If this request only seeks to establish that Mr. Angello was on the Council, please be informed that NMC does not dispute that he was on the Council.

4.      Documents concerning employee grievances from 2002 to the present. NMC maintains its objections to this request. In addition to our other objections, without a court order and a finding of a compelling interest, NMC is unable and unwilling to produce the documents requested.



EXHIBIT
C

Letter to Danilo T. Aguilar, Esq.
May 19, 2005
Page 2 of 2

5.    Copies of Vocational Budgets from 1996 to 2002.  NMC maintains its objections to this request and has no documents that show vocational budgetary matters between NMC and Mr. Angello specifically.  Nevertheless, NMC is willing to produce the vocational budget summaries (approximately 1-2 pages each) for the years 1996 to 2002. These can be provided to you by Friday, May 27, 2005.

6.    Copies of EEO grievances and complaints from 1998 to 2004.  As discussed, all I have in my possession are the original files.  I understand that the last documents produced were handled and copied by Mr. Angello.  In that case, I provided you copies, but in this case I only have the originals and am unwilling to allow them to be handled and copied by Mr. Angello unless it is in my office where I can have staff monitor the situation. These documents are in my office and I am willing to produce them only under circumstances that can guarantee that the original files will not be lost or tampered with.

7.    Copies of financial statements for NMC ending September 2002, 2003, and 2004.  NMC maintains its objections to this request.  Nevertheless, because you have now limited the request to the financial statements themselves (instead of all the documents related thereto), NMC is willing to provide copies of the audited financial statements for 2002 and 2003.  Further, I believe there is an unaudited statement for 2004 that can also be made available.  These can be provided to you by Friday, May 27, 2005.

8.    Copies of new reorganization plan at NMC in 2005.  NMC maintains its objections to this request.  Nevertheless, I have in my possession some responsive documents to this request. As with paragraph 6 above, these documents are in my office and I am willing to produce them only under circumstances that can guarantee that the original files will not be lost or tampered with.

Please let me know your thoughts on these matters and how you would like to work the inspection and copying of the documents already in my possession.  I will let you know as soon as the documents mentioned in paragraphs 1, 3, 5 and 7 are provided me so that I can provide the same to you – at least by Friday, May 27, 2005.

Finally, I have informed the Court that we have agreed that the trial could be moved to September 19, 2005, if such is not a problem for Judge Wiseman. Randy Schmidt has told me he will prepare an order for the Judge to sign if that works for the Court. Thank you for your cooperation in that regard.

Very truly yours,

F. MATTHEW SMITH
Attorney at Law

cc:    NMC