VICENTE T. SALAS
Law Office of Vicente T. Salas
2nd Floor, UIU Building
P.O. Box 501309
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F I L E D
Clerk
District Court

DEC 2 1 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorneys for Defendant Northern Marianas College.

### IN THE UNITED STATES DISTRICT COURT
### OF THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO<br><br>                Plaintiff,<br><br>-vs-<br><br>NORTHERN MARIANAS COLLEGE<br><br>                Defendant. | Civil Action No. 03-0014<br><br>**NMC'S MOTION IN LIMINE**<br><br><br><br>Judge: Honorable David A. Wiseman<br>Designated Judge |

Defendant Northern Marianas College ("NMC") hereby respectfully moves this Honorable Court for an order *in limine* to preclude introduction of and exclude certain proposed exhibits of Plaintiff John Angello ("Angello") for being inadmissible under Rule 403, Rule 402, Rule 408 or Rule 802 of the Federal Rules of Evidence.

This motion is based on the pleadings in this case, the following memorandum and argument as well as the fact that the only two (2) remaining causes of action are sex discrimination and retaliation under Title VII:

**Retaliation**

1.   "In order to prevail on a claim of unlawful retaliation, a plaintiff must establish (1)

*NMC's Motion In Limine -- Page 1 of 4*

# ORIGINAL

that he engaged in a protected activity, (2) that he suffered adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision." *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002).

**Sex Discrimination**

2.  As for sex discrimination, "a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). In essence, was gender a motivating factor in the termination decision. Was Angello dismissed and replaced by a female. *See Jones v. Los Angeles Community College District*, 702 F.2d 203, 205 (9th Cir. 1983).

**124 Exhibits**

3.  Angello has proposed 124 exhibits. Many of these exhibits are not relevant to proving up the elements of the two remaining causes of action and should, therefore, be excluded. *See* Rule 402. Many others may have some limited relevance, but should nonetheless be excluded because any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time, or needless presentation of cumulative evidence. *See* Rule 403. One exhibit is not admissible because it is evidence of a compromise and settlement. *See* Rule 408. And several others are inadmissible as hearsay. *See* Rule 802.

**81 Inadmissible Exhibits**

4.  It is difficult to bring a motion like this because it concerns so many exhibits. Of the 124 exhibits, NMC objects to and seeks to exclude 81. A listing of the 124 exhibits is attached hereto as **Exhibit A**, and for this Court's reference, a single copy of the numerous exhibits is also attached to the original copy of the motion. To individually discuss each of the 81 exhibits objected

to, however, would unfairly monopolize counsel's time and prejudice other necessary trial preparation.[1] Therefore, NMC attempts herewith to indicate by number which exhibits it seeks to exclude, with a request the parties be provided a hearing at which the stack of exhibits can be examined and individual argument can be heard in order to better enable this Court to rule on this motion.

**Rule 402 & Rule 403**

5.   Exhibits 1-3, 5, 6, 9, 12-14, 17-40, 43-57, 61-63, 69, 71, 72, 75, 79, 80, 87-97, 104, 106, 107-109, 115-120 should all be excluded as irrelevant, confusing, prejudicial, self serving, needless and a waste of time.

6.   For instance, Exhibit 1 is a 1997 memo recommending Angello for a step increase and praising his work at NMC. NMC agrees that Angello was not terminated for cause and has not argued that he was a bad employee. For these reasons, it is unclear why a nearly six-year-old memo is being introduced. Its introduction would only cause confusion and be a waste of time as it does not establish any material fact or element of a claim.

7.   A large number of the proposed exhibits concern the Pacific Rim Academy. *See* Exhibits 17-40. These documents (regardless of Angello's involvement with the project or any allegations that the program was treated unfairly) do nothing to help establish sex discrimination or retaliation based due to Angello's filing of sex discrimination claims. Their only purpose is to confuse the real issue. They offer no evidence of gender discrimination or retaliation because Angello was engaged in a protected activity.

---

[1] Counsel for NMC wishes to note that it has yet to discuss with specificity its numerous objections with opposing counsel. Counsel for the parties will attempt to discuss all proposed exhibits and witnesses on Thursday (12/22) in an effort to submit stipulated exhibits as directed by this Court. However, due to the Court's order that all motions in limine be filed by Wednesday (12/21), it was determined necessary to file this motion to alert the Court that NMC has many objections and wishes to exclude all inadmissible evidence.

**Rule 408**

8.  Exhibit 14 is inadmissible as it is evidence of a compromise and settlement. *See* Rule 408. It is also prejudicial and misleading because it contains a non-specific sentence (*i.e.*, that there is a need to conduct training on sexual harassment for both male and female employees) that Angello is trying to use against Ms. Barbara Moir who is mentioned nowhere in the agreement and who did not acknowledge or sign the agreement.

**Rule 106**

9.  Exhibit 81 is incomplete and should not be considered unless admitted in its entirety. *See* Rule 106.

**Rule 802 and Rule 403**

10. Finally, many of the proposed exhibits contain hearsay or were created by Angello with an eye toward future litigation. These should be excluded, in whole or in part, under Rule 802 and/or Rule 403. They are Exhibits 9, 10, 40, 69, 75, 96, and 107.

11. It is critical to the fairness of the trial that all these aforementioned and specified exhibits be excluded from the trial in accordance with the Rules of Evidence. Again, because they are so numerous, and with the understanding that the undersigned counsel will seek to discuss these objections and this motion with opposing counsel in an attempt to stipulate to as many exhibits as possible, it is requested that this Court allow the parties an opportunity to argue each opposed exhibit, prior to trial commencing, in order that the parties can focus on only relevant and admissible evidence as they prepare for and present their cases at trial.

12. Accordingly, NMC respectfully requests that this Court grant its motion.

Dated: Saipan, CNMI, December 20, 2004.

F. MATTHEW SMITH
Attorney for Defendant

*NMC's Motion In Limine -- Page 4 of 4*