This Lease Agreement is made and entered into on this 8ᵗʰ day of Oct. 1999, by and between NORTHERN MARIANAS COLLEGE, hereinafter referred to as Lessor, and Leonard J. Wolf, Jr., as a promoter for and for the benefit of the prospective CNMI corporation PACIFIC RIM ACADEMY, INC., hereinafter referred to as Lessee.

## RECITALS

A. Lessee wishes to establish a film production and educational facility in the Pacific Rim, and has the ability to secure top production personnel, editors and mixers for the facility;

B. Lessor wishes to help establish a film production and educational facility in the Commonwealth of the Northern Mariana Islands ("CNMI");

C. Lessor understands that certain concessions, including a favorable lease, must be granted in order to entice Lessee to locate its facility in the CNMI;

D. Lessor is the sole owner of the Vocation Building located on its campus, and desires to lease parts of said building, depending on needs, to Lessee at a favorable rate; and

E. Lessor and Lessee desire to enter a lease agreement defining their rights, duties, and liabilities rela_ the lease of parts of the Vocational Building.

THEREFORE, in consideration of the mutual covenants and promises contained herein, and the mutual b to be derived therefrom, which consideration is hereby deemed sufficient, Lessor and Lessee agree as foll

## SECTION ONE
## SUBJECT AND PURPOSE

Lessor hereby leases the parts of the Vocational Building ("V" Building) and land located at Northern M College, more particularly described as Rooms V-104, V-108, V-116 (and, in the future, Room V-117, depending on needed expansion and the additional approval by Lessor), to Lessee for Lessee's use as a ! production and educational facility; together with all the improvements, equipment, facilities, and acces located thereon and therein, and the appurtenances and all the rights and interests of Lessor in and to th lying in all the streets, highways and rights-of-ways abutting on or appurtenant to the building, all of w shall be hereinafter referred to as the Premises.

Lessor and Lessee acknowledge that it is their responsibility to comply with all CNMI laws, rules and regulations regarding business operations.

## SECTION TWO
## EXCLUSIVE USE & QUITE ENJOYMENT

Lessee, with the exception of Lessor's right and responsibility noted in Section Four, shall be in excl control and possession of the Rooms cited in Section One. This is a Lessor-Lessee relationship only

PLAINTIFF'S EXHIBIT 18

business relationship between Lessor and Lessee. Lessee, however, shall permit Lessor to enter and inspect Rooms upon reasonable n[otic]e, at least twenty four (24) hours in [adv]ance.

With the exception of Lessor's right and responsibility noted in Section Four, Lessor warrants that, [upon] Lessee's faithful compliance of the terms and conditions of this lease, Lessee shall have peaceful and quie[t use] and enjoyment of the Premises without interference from Lessor or any person or entity claiming ownersh[ip or] other interest therein; and Lessor agrees to defend and indemnify Lessee against any interference or clai[m of] ownership or other interest.

## SECTION THREE
## TERM AND RENT

This Lease Agreement is for a term of two (2) years, commencing on October 8, 1999, and terminating on October 7, 2001, or sooner as provided in this Lease Agreement.

As total rental, Lessee shall pay Lessor, upon execution of this lease, the amount of Fifty Dollars ($50.0[0], [the] receipt and sufficiency of which is hereby acknowledged.

As further consideration, Lessee agrees to provide scholarships for up to three students based u[pon] implementation of the international program. Students eligible for such scholarships must be U.S. citiz[ens or] permanent residents of the CNMI.

## SECTION FOUR
## EDUCATIONAL CLASSES

As consideration of the favorable rental, Lessee, under the guidelines of the Lessor, shall offer c[lass] instruction combined with supervised lab work in film production and post-production fields of stud[y. Class] size, tuition amount, and class frequency shall be based on industry standards and shall be set at the [discretion] of Lessee after consultation with the Lessor.

All class tuition amounts and related fees shall be charged and collected by Lessee, including ar[ny] certification tuition and/or fees imposed by Lessor on Lessee's students. All tuition and fees col[lected by] Lessee shall be placed in a designated Lessee account from which all instructor salaries, expenses, inc[luding] payment of certification fees imposed by the Lessor, shall be paid in a timely manner. Students w[ith] certification from Lessor for classes offered by Lessee shall have the right to enroll in other unrelat[ed classes] offered by Lessor, of which those tuition and fees shall be paid directly to Lessor.

## SECTION FIVE
## UTILITIES AND OTHER CHARGES

Lessee shall assume and pay, when due, all charges for water, electricity, telephone, and any other ch[arges] incurred by or imposed upon Lessee for its use or occupation of the Premises during the term of the [Lease] Agreement.

2

Lessee agrees to pay and discharge all taxes, assessments, duties, impositions and burdens assessed, charged imposed upon the Premises which result from the use and occupation of the Premises by Lessee during the t of this Lease Agreement. Lessee, however, shall not be required to pay any estate, gift, inheritance, success franchise, income, or excess profits taxes which may be payable by Lessor or Lessor's legal representa successors, or assigns; nor shall Lessee be required to pay any property tax that may become due on accour ownership of the Premises by Lessor.

## SECTION SEVEN
## REPAIR AND MAINTENANCE

Lessee shall maintain the Premises, in good order, repair, and condition, reasonable wear and tear exce Lessor, however, shall at its sole costs and expense perform all necessary maintenance and repairs to the exterior walls, interior supports, foundations of the building, plumbing, basic electrical, and air-conditi existing at the time of signing of this Lease Agreement.

Lessee reserves the right to immediately terminate this Lease Agreement should Lessee discover after t possession of the Premises, that the Premises does not conform to federal or local safety, health and Un Building Codes.

## SECTION EIGHT
## IMPROVEMENTS

Lessee is hereby given the right, at its own expense and after obtaining Lessor's approval in writing, t time to time make any alterations, additions, improvements in and to the Premises which it may deem nec or appropriate for its purposes. Anticipated alterations and improvements include, but are not limited to, editorial facilities, sound editorial facilities, a sound library, an ADR/Foley Stage, a dubbing stage, a m room, and a classroom.

It is expressly acknowledged and understood by Lessor and Lessee that all improvements, including any equipment, trade fixtures and other fixtures, erected and constructed or affixed on or to the Premises by shall remain the property of Lessee, who shall have the right to remove such property from the Premise expiration of this Lease Agreement. Lessee agrees, however, to make any repairs necessitated by such and to return said Premises to its original state and condition.

## SECTION NINE
## AUTHORITY TO LEASE

Lessor represents and warrants that it has full authority to enter into this lease and that the Premise: lawfully used for the purposes for which they are leased. In the event of the enactment of any ordina rule or ruling by any public or quasi-public authority prohibiting or limiting the use of the Premises fo or more purposes for which they are leased, whether the use of the Premises for any or all such pu prohibited because of the location or condition of the Premises or related to the use of the Premises fo or more of such purposes or otherwise, this lease agreement shall terminate.

3

..., NUISANCE, UNLAWFUL USE

Lessee agrees not to com... waste on the leased premises, or maintain or permit to be maintained a nuisanc the leased premises, or use or permit the Premises to be used in an unlawful manner.

## SECTION ELEVEN
## SUBLEASE, ASSIGNMENT, AND MORTGAGE

It is expressly agreed that as a benefit of Lessee's improving and possessing the Premises for the pu herein contained, Lessee may, at its sole discretion, use the Premises, when classes are not in session, [ purpose of engaging in and working on film production and post production activities with or without s apprentices. Lessee shall pay directly to Lessor an amount not less than Twenty-Five Dollars ($25.00) pe based on actual use, as rental income for the use of the Premises for such purpose.

Notwithstanding the aforementioned agreement, Lessee may not sublease, assign, mortgage, or oth hypothecate, all or any portion of the Premises without the prior consent of Lessor.

## SECTION TWELVE
## INSURANCE

During the term of the Lease Agreement, Lessee shall procure and maintain property insurance to proper! cover the Premises and the equipment contained therein. In addition, Lessee shall procure and maintain ¡ liability insurance covering the Premises. Such insurance policies shall be in an amount that are mutuall agreed to by the parties, and shall be procured and maintained from an insurance company licensed to dc business in the CNMI. Lessor shall be named as a co-insured under such insurance policies and copies s provided to Lessor. It is further agreed that such insurance policies shall include a provision requiring tł (30) day notice to Lessor prior to any cancellation.

## SECTION THIRTEEN
## OPTION TO RENEW

Lessor grants to Lessee an option to renew this Lease Agreement, with similar mutually-agreed upon t conditions, for another term of five years. To exercise this option, Lessee must give Lessor written not intention to do so at least sixty (60) days before this Lease Agreement expires, and if such notice is ¡ Lease Agreement, with any mutually-agreed upon additions and/or modifications, shall serve as 1 Agreement for the option period.

## SECTION FOURTEEN
## DEFAULT, REMEDIES, AND TERMINATION

The following events shall be deemed to be events of default under the Lease Agreement: (1) if L abandon the Premises; or (2) if Lessee or Lessor shall fail to comply with any terms, provisions, or cc the Lease Agreement, and shall not commence to remove or to cure such failure within thirty (30) and after the date written notice specifying such failure is delivered to Lessee or Lessor, or, having c to remove or to cure such failure within said thirty (30) days, fails to proceed with reasonable diligen

4

It is understood by both parties that the true profitability of a film production and educational facility is currently unknown and therefore questionable. Therefore, during the first twelve (12) months of the initial term of this Lease Agreement, the Lease Agreement may be terminated by the Lessee upon thirty (30) days written notice should Lessee, in its sole discretion, determine that its profitability does not justify the operation of the company in the CNMI. However, any classes in progress will be completed during the first twelve months, not to jeopardize the students' educational well being. Furthermore, during the remaining twelve (12) months of the initial term of this Lease Agreement, the Lease Agreement may be terminated by Lessee, upon sixty days written notice, should Lessee, in its sole discretion, determine that its profitability does not justify the operation of the facility. However, any classes in progress will be completed during the remaining twelve months, as not to jeopardize the students' educational well being. Lessee agrees to include in any agreement makes with its students a provision addressing the aforementioned possibility of termination due to an issue of profitability.

## SECTION FIFTEEN
## NOTICE AND PAYMENTS

Any notice required or permitted under the Lease Agreement shall be in writing and shall be deemed when delivered in person or when deposited in the postal service, first class postage prepaid, addressed to

LESSOR:   Northern Marianas College
          P.O. Box 1250 CK
          Saipan, MP 96950

LESSEE:   Pacific Rim Academy
          P.O. Box 5081 CHRB
          Saipan, MP 96950

or at such other addresses as Lessee or Lessor may from time to time specify by notice.

## SECTION SIXTEEN
## ATTORNEY'S FEES

If any action at law or in equity shall be brought for or on account of any breach of, or to enforce or any of the covenants, terms, or conditions of this lease, or for the recovery of property or possess Premises, the prevailing party shall be entitled to recover from the other party as part of the prevaili costs reasonable costs and attorneys' fees, the amount of which shall be fixed by the court and shall part of any judgment or decree rendered.

## SECTION SEVENTEEN
## SEVERABILITY

If any section or sub-section of this Lease should be declared invalid by a court of competent juris remainder of this Lease shall not be affected thereby.

5

Waiver by the non-breaching party of any breach of any covenant or duty of the breaching party under this Lease Agreement is not and shall not be deemed a waiver of a breach of any other covenant or duty of the breaching party, or any subsequent breach of the same covenant or duty.

## SECTION NINETEEN
## GOVERNING LAWS

The parties agree that the laws of the Commonwealth of the Northern Mariana Islands will govern all dis and determine all rights under this lease agreement.

## SECTION TWENTY
## BINDING EFFECT

Each and every covenant, agreement, term, provision and condition herein contained shall extend to binding upon the respective heirs, legal representatives, successors, and assigns of the parties hereto, a be deemed and treated as real covenants running with the land during the term hereof, but no change or in the ownership of the Premises, however accomplished, may operate to enlarge the obligations or dim rights of the Lessee during the term thereof.

## SECTION TWENTY-ONE
## ENTIRE AGREEMENT

This writing contains the entire agreement of the parties hereto with respect to the subject matter hereof may not be modified, altered, or challenged in any manner whatsoever, except by written agreement sig the parties.

| | |
|---|---|
| NORTHERN MARIANAS COLLEGE | LEONARD G. WOLF, Jr., as a promoter for and fo the benefit of the prospective CNMI corporation PACIFIC RIM ACADEMY, INC. |
| _signature_ | _signature_ |
| RAMON G. VILLAGOMEZ<br>Chairman of the Board of Regents | LEONARD G. WOLF, JR.<br>Promoter |
| _signature_ | |
| AGNES M. MCPHETRES<br>President | |
| _signature_ | |
| JESUS C. BORJA<br>Legal Counsel | |

COMMONWEALTH OF THE     ]
NORTHERN MARIANA ISLANDS ]  ss.
                         ]
ISLAND OF SAIPAN         ]

On this the 5th day of Oct., 1999, before me, the undersigned notary, personally appeared as a Authorized Representatives of the Northern Marianas College, who executed the foregoing Lease Agr and acknowledged that they executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_signature_

KOHNE K. RAMON
Notary Public
Commonwealth of the Northern Mariana I
My Commission expires on the ___

On this the 5th day of Oct., 1999, before me, the undersigned notary, personally appeared as Authorized Representative of the Pacific Rim Academy, who executed the foregoing Lease Agreeme acknowledged that he executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_signature_

KOHNE K. RAMON
Notary Public
Commonwealth of the Northern Mariana
My Commission expires on the 5th day Oct., 199_

7