# MEMORANDUM

TO:      Ms. Margarita Olopai-Taitano, Chairperson of Personnel
Committee – NMC Board of Regents

FROM:    Director, Human Resources

SUBJECT:    Eligibility List

Date:    7/14/04

| Announcement No | Position Title | Opening Date | Closing Date |
|---|---|---|---|
| 04-029 | **President** | 6/11/04 | 7/09/04* extended closing date |

Attached is the application for consideration and review of the Selection Committee.

The applicants eligible for the position are:

|   | Name | Date & Time |
|---|---|---|
| 1 | Dr. Judith Guthertz | 7/20 – 10:30 am |
| 2 | Dr. Jack Angello | 7/20 – 1:00 pm |
| 3 | Mr. Edward Camacho | 7/20 – 2:30 pm |
| 4 | Dr. John Joyner | 7/21 – 9:00 am |
| 5 | Mr. Antonio Deleon Guerrero | 7/21 – 10:30 am |
| 6 | Dr. Carmen Fernandez | 7/21 – 1:00 pm |
|   | *Nothing Follows* |  |
|   |  |  |

Elsie Dela Cruz

attach(s):    Application forms


PLAINTIFF'S EXHIBIT
110



**Northern Marianas College**
P.O. Box 501250 CK
Saipan, MP 96950
Phone: (670) 234-5498/3690
Fax: (670) 235-3696
Website: http://www.nmcnet.edu

## VACANCY ANNOUNCEMENT
Announcement No. 04-029

It is the policy of Northern Marianas College that equal opportunity be given to all qualified applicants without regard to age, race, gender, marital status, place of origin, religion, disability status, political affiliation or family relationship. The college reserves the right to waive or implement other qualifications to meet its needs and the right to reject all applicants or withdraw the vacancy should NMC determine such a position is no longer needed or able to be filled. The College is an Equal Opportunity Employer.

| | |
|---|---|
| POSITION TITLE: | **President** |
| Pay Level & Step: | **Ungraded** |
| Annual Salary: | **$80,000.00\*\*** |
| Location: | **As Terlaje Campus, Saipan** |
| Opening Date: 6/11/04 | Closing Date: 6/25/04 or Until Filled |

*Applications must be submitted by 4:30pm on closing date. If not filled, every two weeks thereafter until search is closed. Deadlines that fall on a non-business day will be extended to the next business day.*

**Nature of the Position:**
The President is the chief executive officer of the Northern Marianas College, and in this capacity is charged with full administrative responsibility for the College. The Board of Regents judiciously recognizes and supports the President as the major line of communication between the Board and the internal and external College community. In this capacity as the Board's Liaison, the President informs the Board of such communications, and is guided by the policies, general directions, and financial guidelines established by the Board.

The President's fundamental responsibility is to develop and maintain an institution that fulfills the mission and achieves the goals of the Northern Marianas College in accordance with the Mission Statement set forth in Article XV of the CNMI Constitution and in accordance with the Postsecondary Education Act of 1984, as amended, and in the Postsecondary Education Amendment Acts of 1992 and 1995. This implies a commitment to the philosophy of a comprehensive community college and an understanding that the President's energies must be directed towards the realization of such.

The President is an educational leader of the Commonwealth, and as such represents the College in the community. The President recommends policies to the Board, and is authorized by the Board to exercise broad discretionary powers according to the policies, goals, and general directions established by the Board for the College.

**Duties and Responsibilities:**
- Being responsible for the organization and administration of the College and for the coordination of its entire instructional program;

- Providing direction and leadership in the development and implementation of a research, planning, and evaluation system to assure institutional effectiveness and that the results of such activity will be used for institutional improvement and the establishment of priorities;

- Ensuring that various entities of the College have a substantive and clearly-defined role in institutional governance;

- Overseeing institutional adherence to the Standards of the Accrediting Commission so as to assure continuing accreditation of the College;

- Recommending to the Board new and revised policies and establishing administrative procedures for

  - Board operations
  - Finance and procurement
  - Educational programs

## Vacancy Announcement 04-029
Northern Marianas College is accredited by the Accrediting Commission for Community and Junior Colleges and by the Senior Commission of Colleges and Universities of the Western Association of Schools and Colleges.


PLAINTIFF'S EXHIBIT
111

- Human res     s
- Student services
- Administrative services

- Developing an effective program of staff evaluation and improvement;

- Preparing a budget in line with the needs of the College, and approving expenditure of funds appropriated to the College by the federal or Commonwealth government or donated to the College by any other entity;

- Guiding capital improvement activities and ensuring safe and adequate facilities and grounds in order to maintain a quality learning environment;

- Representing the College to the community and maintaining an adequate public information service;

- Maintaining open and adequate channels of communication with the internal and external College community;

- Entering into contracts, cooperative agreements, and such other transactions as may be helpful to conduct the business of the College;

- Appointing and terminating staff and faculty consistent with applicable Human Resources rules and regulations;

- Accepting gifts, grants, donations, bequests, or other contributions on behalf of the Board and depositing the same in a College Trust Fund for the exclusive use and expenditure of the College, as approved by the Board;

- Formulating reports required by local and federal agencies;

- Approving regulations and activities of groups and organizations functioning within the College; and

- Subject to prior review and approval by the Board, establishing respective faculties and staff for the various departments and other divisions of the College, approving their programs and courses of studies, and modifying or disestablishing the same as the President may deem most appropriate to carry out the policies, goals, and general directions established by the Board for the College.

**Minimum Qualifications:**
Masters degree in Education, Business, or Public Administration or related field from U.S. recognized institution; plus five (5) years of progressively responsible education administration experience preferably in a community college or similar higher education and five (5) years of post secondary teaching experience.

**How to Apply:**
Employment application forms are available at the Human Resources Office of the College and a pdf. file can be downloaded from our website: http://www.nmcnet.edu using Adobe Acrobat. All applications should include unofficial school transcripts, copy of diploma or certificates, police clearance, a copy of a valid passport, a curriculum vitae, a letter explaining relevant experience, and four professional references to be submitted to the HR Office no later than the closing date of the Announcement.

**Please note: This position may be filled upon the availability of funding.

# Northern Marianas College
## Office of Human Resources

## QUALIFICATION EVALUATION WORKSHEET

Name _____Dr. Jack Angello_____        Appl  / X /    EE /__/

Vacancy / Position _____PRESIDENT_____        EA / PC #___04-029

**I.**    Comparative Quantitative Summary:  Position vs. Applicant:

| | Position Requirements | Applicant Qualifications (Full & Partial) | Comments |
|---|---|---|---|
| CV ☐ | | | |
| Letter ☐ | | | |
| Trans ☐ | | | |
| Refs ☐ | | | |
| Education: | MA | Ed.D.(Education) | _____ |
| Experience: | 5 Admin | 6 years | _____ |
| Others: | 5 PST | 6 yrs. 3 mos. | _____ |
| Numerical Comparison | 12 yrs | _____ | _____ |
| (Substitution) | | | |

**II.**    Placement:

a.    Meets Qualifications Requirements?   Yes  / x /       No.  /__/

b.    If yes, exceeds by how many years / months:   Yrs ____   Mos ____

     *(1 year,Admin/6 yrs.3 mos. PST)*

c.    If no to #1 above, lacks how many years / months:   Yrs _____   Mos _____

d.    Salary (Pl and step) qualified for:

_____  7/7/64
Reviewing Personnel Specialist    7/14/64      _____  7-15-04
Reviewing Personnel Specialist     Date        Approving Personnel Supervisor    Date

_____  7/14/04

PLAINTIFF'S EXHIBIT 112

1   DANILO T. AGUILAR
    Attorney at Law
2   P.O. Box 505301
    First Floor, San Jose Court Building
3   San Jose
    Saipan, MP 96950
4   TELEPHONE: (670) 234-8801
    FAX: (670) 234-1251
5
    Attorney for Plaintiff
6        John (Jack) Angello

7
                IN THE UNITED STATES DISTRICT COURT
8
                FOR THE NORTHERN MARIANA ISLANDS
9

10  JOHN (JACK) ANGELLO,                  CIVIL CASE NO. 03-0014

11              Plaintiff,

12          v.

13  NORTHERN MARIANAS COLLEGE,       **PLAINTIFF'S FIRST REQUEST
                                          FOR ADMISSIONS**
14              Defendant.

15

16  **PROPOUNDING PARTY:**          Plaintiff John Jack Angello ("Angello")

17  **RESPONDING PARTY:**           Defendant Northern Marianas College
                                    ("NMC")
18
19          Pursuant to Rule 36 of the Federal Rules of Civil Procedure, you are

20  instructed to respond to these Requests for Admissions enumerated below herein

21  within thirty (30) days from the date of service hereof, otherwise the same shall be

22  deemed admitted for purposes herein, pursuant to Rule 36.

23          In preparing your responses to these Requests for Admissions, you are

24  reminded that Rule 36(a) provides that answers to Requests for Admissions shall

25  specifically deny the matter requested or set forth in detail the reasons why the

26  answering party cannot truthfully admit or deny the matter.  Moreover, any denial

27
28  must fairly meet the substance of the requested admission, and that if good faith

PLAINTIFF'S
EXHIBIT
113

requires you to qualify your answer or deny only a part of the admission which is requested, you shall specify so much of it as true and qualify or deny only the remainder.  You may not give lack of information or knowledge as a reason for failure to admit or deny unless you make reasonable inquire and the information known or readily obtainable by you is insufficient to enable you to admit or deny.

You are further reminded that in the event that you fail to admit any of the requests set forth herein, and Angello is hereafter obliged to prove the truth of that matter, Angello may apply to the Court, pursuant to Rule 37(c), for an order requiring you to pay Angello reasonable expenses incurred in making that proof, including Angello's reasonable attorney fees.  In such a situation, Rule 11 of the Federal Rules of Civil Procedure may also be applicable.

## DEFINITIONS

1.      As used herein, the terms "NORTHERN MARIANAS COLLEGE", "NMC", "you" and "your" shall mean and include Defendant NORTHERN MARIANAS COLLEGE, its Board of Regents, President, faculty, staff, directors, its officers, any and all employees, attorneys, accountants, agents, assigns, or predecessors.

## REQUESTS FOR ADMISSIONS

Pursuant to Rule 36, Angello requests that NMC admit or deny to each of the following:

> 1.      That Angello has a 1996 Doctor of Education degree from the University of Southern California.

Admit: _____          Deny: _____

2

2.    That on 2/4/97 NMC recommended Angello for a Step Increase of salary for performing "above and beyond the call of duty."

        Admit: _____          Deny: _____

3.    That NMC appointed Dr. Jack Angello as the Acting Dean of Adult, Continuing and Technical Education on August 18, 1997.

        Admit: _____          Deny: _____

4.    That NMC's Human Resources Office (HRO) acknowledged the receipt of a 12/13/99 memo from Angello, which had an attached 12/7/99 letter sent to the Hawaii EEOC office with the attached NMC/HRO 11/12/99 memo: Subject: Recommendation for Settlement-Grievance for Dr. Jack Angello.

        Admit: _____          Deny: _____

5.    That NMC never conducted male sexual harassment training for Dr. Barbara Moir from 11/12/99 to 9/24/02.

        Admit: _____          Deny: _____

6.    That Angello filed a new 3/9/01 grievance and EEO complaint (approximately 300 pages in length) that referenced the Pacific Rim Academy Program and other concerns, which was received by the NMC President's Office and the Board of Regents (BOR) on 3/9/01.

        Admit: _____          Deny: _____

7.    That Angello submitted a 6/20/01 memo to NMC and NMC's BOR, requesting the status of the 3/9/01 grievance/EEO complaint.

        Admit: _____          Deny: _____

3

8. That NMC/HRO sent a 7/2/01 e-mail to Angello, concerning the 6/20/01 memorandum to the NMC President.

                Admit: _____           Deny: _____

9. That NMC's Special Assistant for BOR Affairs sent a 5/15/02 memo to Angello concerning the 6/20/01 memo from Angello to NMC.

                Admit: _____           Deny: _____

10. That Angello submitted a 6/3/02 memo to NMC's HRO and BOR, concerning the status of the 3/9/01 grievance.

                Admit: _____           Deny: _____

11. That Angello retained an attorney on 6/14/02, concerning the 3/9/01 grievance/EEO complaint.

                Admit: _____           Deny: _____

12. That on 5/30/02 Angello was denied being placed on the eligibility list for the Dean's position (VA#02-023), due to NMC's stating that he had a lack of the required three (3) years of postsecondary teaching experience.

                Admit: _____           Deny: _____

13. That on 7/22/02 Angello was denied being placed on the eligibility list for the President's position (VA#02-021), due to NMC's stating that he had a lack of the required five (5) years of postsecondary teaching experience.

                Admit: _____           Deny: _____

14. That according to an official 2002 NMC/HRO "Qualification Evaluation Worksheet," Angello had 6.3 years of postsecondary teaching experience.

Admit: _____        Deny: _____

15. That on 2/13/02 NMC placed the Technical Trades Department in the Division of Instruction as the Vocational Education Department, with Dr. Jack Angello still the head of the department.

Admit: _____        Deny: _____

16. That NMC Board of Regents' Organizational Chart (Board Operations 1002) officially listed the Vocational/Technical Department on September 24, 2002.

Admit: _____        Deny: _____

17. That on September 18, 2003, NMC had its proposed Board Operations Policy 1000-1029 published in the Commonwealth Register, Volume 25, Number 8, which removed the NMC Organizational Chart.

Admit: _____        Deny: _____

18. That from 1996 to the present the NMC Vocational Education/Technical Trades Department has had several active Associate Degree Programs.

Admit: _____        Deny: _____

19. That on 2/6/03, NMC stated that a Vocational Technical Institute with vocational programs on Saipan, Tinian and Rota still existed, and Jack Sablan is the Director.

Admit: _____        Deny: _____

20. That during his employment at NMC, Angello taught both NMC and University of Guam education courses for NMC's School of Education.

Admit: _____          Deny: _____

21. That Angello taught at the NMC Adult School in 1998/99.

Admit: _____          Deny: _____

22. That Angello had a grievance hearing on 8/27/02, whereby it was agreed to have Angello meet with President Wright to resolve the issues in a management meeting.

Admit: _____          Deny: _____

23. That Angello met with President Wright on September 3, 2002, and there was discussion of vocational goals to accomplish and there was no mention of eliminating Angello's position.

Admit: _____          Deny: _____

24. That NMC had approximately ninety students enrolled in vocational courses in the Fall of 2002 on Saipan, Tinian and Rota, including audio/visual classes, construction classes, and automotive service classes.

Admit: _____          Deny: _____

25. That Angello, with President Wright's approval and Eric Plinkse's assistance, seek financial assistance for NMC's vocational programs at the governor's office and legislature.

Admit: _____          Deny: _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26.    That on 9/24/02, Angello received $25,000.00 from the Lt.
       Governor's Office, in support of "the under-funded Vocational
       Education Department."


              Admit: _____          Deny: _____


27.    That NMC's Board of Regents had a regular meeting on 9/23/02.


              Admit: _____          Deny: _____


28.    That in the BOR regular meeting on 9/23/03, the BOR did not
       announce any personnel items of business for the executive
       session prior to going into the 9/23/02 executive session.


              Admit: _____          Deny: _____


29.    That in the NMC BOR Executive Session on 9/23/02, a listing of
       eleven individuals to be terminated, including Angello, was
       "passed around for the Regents to review," and a question and
       answer period followed.


              Admit: _____          Deny: _____


30.    That the BOR acknowledged the list of eleven terminated
       individuals, including Angello, during the executive session on
       9/23/02.


              Admit: _____          Deny: _____


31.    That at the end of the NMC BOR Executive Session on 9/23/02,
       "Regent Chair ended the executive session and reconvened the
       regular meeting of the board."


              Admit: _____          Deny: _____

1
2
3
4

32.   That after the BOR executive session ended on 9/23/02, the BOR did not announce any personnel action items (eleven terminations, including Angello) of business that had been reviewed in the executive session, and the 9/23/02 regular meeting was adjourned.

5
6

Admit: _____          Deny: _____

7
8

33.   That the NMC Board of Regents did not disapprove the list of eleven terminations in the 9/23/02 executive session.

9
10

Admit: _____          Deny: _____

11
12
13

34.   That the same individuals on the list of eleven terminations, including Angello, which was passed around in the BOR executive session on 9/23/02, were the same individuals terminated on 9/24/02.

14
15

Admit: _____          Deny: _____

16
17

35.   That Angello still had a pending grievance and EEO complaint against NMC when he was terminated on 9/23/02.

18
19

Admit: _____          Deny: _____

20
21
22

36.   That in 1999 the NMC Pacific Rim Academy program was BOR-approved prior to the Pacific Gateway Project.

23

Admit: _____          Deny: _____

24
25
26

37.   That the Lessee of the Pacific Rim Academy program had to threaten legal action to finally get NMC to offer the Pacific Rim Academy's audio/visual classes in the Spring of 2002.

27
28

Admit: _____          Deny: _____

8

38.    That according to the independent auditor's report on the audit of NMC financial statements for fiscal years 2002 and 2003, the total operating expenses for both years, including salaries, were essentially the same.

Admit: _____          Deny: _____

39.    That according to the independent auditor's report on the audit of NMC financial statements for fiscal years 2002 and 2003, the total expenses for salaries were essentially the same (less than 1 and ½ percent difference).

Admit: _____          Deny: _____

40.    That NMC reprogrammed budgeted money from unfilled NMC personnel positions to cover expenses of the La Fiesta operations and maintenance.

Admit: _____          Deny: _____

41.    That if CNMI Government employees, including NMC employees, are not exempt from the CNMI Civil Service System and its Personnel Service System Rules and Regulations (PSSR&R), they cannot be terminated without cause.

Admit: _____          Deny: _____

42.    That the CNMI Civil Service Commission has already determined that Angello is not exempt from the CNMI Civil Service System and, based solely on that determination, he should not have been terminated without cause from NMC.

Admit: _____          Deny: _____

9

43.  That Angello was qualified to teach at NMC in English and
     School of Education courses.

          Admit: _____          Deny: _____

44.  That Angello had been teaching at NMC for the NMC Adult
     School and the School of Education during 1998- 2001.

          Admit: _____          Deny: _____

45.  That NMC had vacancies for NMC instructor positions when
     Angello was terminated in 2002.

          Admit: _____          Deny: _____

46.  That NMC had vacancies for non-faculty staff positions when
     Angello was terminated in September of 2002.

          Admit: _____          Deny: _____

47.  That NMC Board of Regents' Policies state that employees in
     administration, who are subject to reduction in force, should be
     offered positions, if qualified, in the teacher faculty ranks.

          Admit: _____          Deny: _____

48.  That from November of 2002 to July of 2004, Angello has
     applied and has been certified as qualified for the following
     positions at NMC:  President, Vice President for Programs &
     Services, Dean of Academic Programs & Services, Dean for
     Student Development, Director for the School of Education,
     Director for Institutional Effectiveness, Director for the
     Community Development Institute, Director for Public
     Relations, Program Manager III for NMI National Occupational
     Information Coordinating Committee, Principal of the College
     Lab School, Assistant Principal for the School of Education,
     School of Education Instructor, Instructor/Program Coordinator

10

1   III for Tinian Campus, Program Coordinator for
    Marketing/Public Relations, Administrative Manager II for the
2   Human Performance & Athletics Department, Bookstore
    Manager, Bookstore Assistant II, Administrative Manger II for
3   Community Development Institute, and Procurement & Property
    Management Supply Specialist II.
4

5

6           Admit: _____        Deny: _____

7
8   49.   That NMC did not offer any re-assignment to Angello for any
          open vacancies in September, October, or November of 2002,
9         nor did NMC offer any open instructor vacancies to Angello in
          September, October, or November of 2002.
10

11          Admit: _____        Deny: _____

12
13  50.   That NMC's Barbara Moir knew of Angello's grievances and
          EEO complaints in the periods of 1998-99 and 2001-2002.
14

15          Admit: _____        Deny: _____

16

17  Dated this 20th day of February, 2005.

18

19

20                                      _____
                                        DANILO T. AGUILAR,
21                                      Attorney for Plaintiff
                                        John Jack Angello
22

23

24

25

26

27

28

                              11

VICENTE T. SALAS
Law Office of Vicente T. Salas
2nd Floor, UIU Building
P.O. Box 501309
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorneys for Defendant Northern Marianas College.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOHN (JACK) ANGELLO, | ] | Civil Action No. 03-0014 |
| | ] | |
| Plaintiff, | ] | **ANSWERS AND OBJECTIONS** |
| | ] | **TO PLAINTIFF'S FIRST REQUEST** |
| vs. | ] | **FOR ADMISSIONS** |
| | ] | |
| NORTHERN MARIANAS COLLEGE, | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |

Defendant Northern Marianas College ("NMC") hereby answers and objects to Plaintiff's

First Request for Admissions as follows:

**General Objections**

      1.      NMC objects to the instructions and definitions of Angello to the extent that they

seek to impose obligations which exceed or differ from those imposed by the Federal Rules of Civil

Procedure.

*NMC Answers to RFAs -- Page 1 of 8*



PLAINTIFF'S EXHIBIT 114

ORIGINAL

RECEIVED
The Law Offices of
DANILO T. AGUILAR
Attorney at Law
Date: 04/22/05
Time: 3:50pm
Rec'd by:

2.     Further, NMC objects to the definitions of Angello. In preparing to and in answering these request for admissions, NMC has made reasonable inquiry of those individuals believed to have knowledge to obtain correct and complete answers. However, NMC is not responsible for and it is unreasonable (and therefore objectionable) for Angello to suggest that NMC answers these requests on behalf of "its Board of Regents, President, faculty, staff, directors, its officers, any and all employees, attorneys, accountants, agents, assigns, or predecessors."

3.     NMC's answers are not intended to waive or prejudice any objection NMC might assert as to the admissibility, relevancy, or discoverability of any answer or category of answers. In particular, NMC objects to the relevancy of the requests to Angellos two remaining claims that he was terminated because of his sex and terminated because of retaliation

4.     NMC objects because the requests are excessive and contrary to the intent and purpose for such requests; and NMC objects because it is believed that the requests are being asked to assist or bolster Angello in his other grievances/actions/proceedings against NMC and for Angello to use in other settings, places and matters. Accordingly, these answers are being offered for purposes of the pending action only.

5.     These General Objections are incorporated into each and all of the following answers.

**Answer to Request No. 1**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 2**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 3**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 4**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 5**

Without waiving, and subject to, its General Objections: NMC cannot truthfully admit or deny the matter because it is not certain what "male sexual harassment training" is or if the regular EEOC training in which NMC participates counts as such training.

**Answer to Request No. 6**

Without waiving, and subject to, its General Objections: DENY; although NMC received some documents on 3-9-01, this is noted as a denial because NMC is unable, after reasonable inquiry, to verify exactly was submitted, if it was new or if it contained approximately 300 pages.

**Answer to Request No. 7**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 8**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 9**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 10**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 11**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 12**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 13**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 14**

Without waiving, and subject to, its General Objections: ADMIT; however, this calculation of years

was a compromise and agreement that such calculation was only effective from November 11, 2002,

forward.

**Answer to Request No. 15**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 16**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information

known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 17**

Without waiving, and subject to, its General Objections: DENY

**Answer to Request No. 18**

Without waiving, and subject to, its General Objections: DENY

**Answer to Request No. 19**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information

known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 20**

Without waiving, and subject to, its General Objections: DENY

**Answer to Request No. 21**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 22**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 23**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information

known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 24**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 25**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 26**

Without waiving, and subject to, its General Objections: ADMIT, in part; however, after a

reasonable inquiry, the information known or readily obtainable was insufficient to enable NMC to

truthfully admit or deny if anyone stated "the under-funded Vocational Education Department."

**Answer to Request No. 27**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 28**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 29**

Without waiving, and subject to, its General Objections: DENY due to mischaracterization of the

session and question and answer period and a lack of knowledge regarding the quote and its context.

**Answer to Request No. 30**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 31**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, NMC is unable to truthfully admit or deny this request due to a lack of knowledge regarding the quote and its context.

**Answer to Request No. 32**

Without waiving, and subject to, its General Objections: DENY

**Answer to Request No. 33**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 34**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 35**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 36**

Without waiving, and subject to, its General Objections: Irrelevant.

**Answer to Request No. 37**

Without waiving, and subject to, its General Objections: Irrelevant

**Answer to Request No. 38**

Without waiving, and subject to, its General Objections: DENY, due to paraphrasing of a report and the vagueness of terms. The report would speak for itself.

**Answer to Request No. 39**

Without waiving, and subject to, its General Objections: DENY, due to paraphrasing of a report and vagueness of terms. The report would speak for itself.

**Answer to Request No. 40**

Without waiving, and subject to, its General Objections: Irrelevant

**Answer to Request No. 41**

Without waiving, and subject to, its General Objections: This is not a proper request under the rules.

**Answer to Request No. 42**

Without waiving, and subject to, its General Objections: This is not a proper request under the rules.

**Answer to Request No. 43**

Without waiving, and subject to, its General Objections: Vague and without time reference.

**Answer to Request No. 44**

Without waiving, and subject to, its General Objections: After a reasonable inquiry, the information

known or readily obtainable was insufficient to enable NMC to truthfully admit or deny this request.

**Answer to Request No. 45**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 46**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 47**

Without waiving, and subject to, its General Objections: Vague, no time frame.

**Answer to Request No. 48**

Without waiving, and subject to, its General Objections: ADMIT, but deny that all position names

listed are correctly stated.

**Answer to Request No. 49**

Without waiving, and subject to, its General Objections: ADMIT

**Answer to Request No. 50**

Without waiving, and subject to, its General Objections: ADMIT

As to objections.

F. MATTHEW SMITH
Attorney for NMC