VICENTE T. SALAS
Law Office of Vicente T. Salas
2nd Floor, UIU Building
P.O. Box 501309
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorneys for Defendant Northern Marianas College.

FILED
Clerk
District Court

DEC 22 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## OF THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO<br><br>Plaintiff,<br><br>-vs-<br><br><br>NORTHERN MARIANAS COLLEGE<br><br>Defendant. | Civil Action No. 03-0014<br><br>**OPPOSITION TO ANGELLO'S MOTION IN LIMINE**<br><br>Date: December 27, 2005<br>Time: 9:00 a.m.<br>Judge: Honorable David A. Wiseman<br>       Designated Judge |

Defendant Northern Marianas College ("NMC") hereby opposes and responds to Plaintiff's Motion in Limine to Exclude Certain Exhibits from Introduction at Trial (filed December 21, 2005). This opposition is based on the following arguments and attached documents and declaration of counsel:

**Angello Deposition**

1. Angello's deposition is not listed as a proposed NMC exhibit. It is expected it will be used for impeachment purposes only. However, it is not true that Angello was not given the opportunity to review or make corrections to his deposition. See Certification of Celina A.



Concepcion of Judicial Services, Plus (dated January 11, 2005), a true and accurate copy is attached hereto as **Exhibit A**. According to said certification, Angello (through counsel) was notified and declined the opportunity to review and sign the deposition. *Id.* Further, it is reliable because it has been certified as a true and correct record of Angello's testimony. *Id.*

**HRO Memo (11-27-02)**

2.      This document was never requested by Angello in either his first or second RFPs served on NMC. *See* Angello Motion in Limine, Exhibit A and Exhibit B. Further, it has now been provided in advance of the trial and contains no ambush information unknown to Angello. *See* NMC's Proposed Exhibit Y.

**NMC Reorganizational Charts & Plan**

3.      Angello asked for all documents concerning the NMC Reorganization in his First RFP. *See* Angello Motion in Limine, Exhibit A, at ¶ 4. In response to this request, NMC provided Angello a box of documents, including three-ring binders full of documents. *See* Response of NMC to Angello's First RFP, at 2 (dated August 30, 2004), a true and accurate copy is attached hereto as **Exhibit B**. Included under Tab 4 of one of the three ring binders was all of the exact 25 pages now proposed as Exhibit B for NMC. *See* Exhibit B, at 3; *and see* Declaration of F. Matthew Smith, at ¶ 4 (dated December 21, 2005). These are the exact documents provided Angello for copying. For the trial exhibits, they were lifted by NMC directly from the binder given Angello for copying. *See* Declaration, at ¶ 4. It is neither the fault nor the responsibility of NMC to make sure they copy all the documents provided during production.

**Notices of Termination of Other 10 Employees**

4.      Angello asked for all documents concerning the termination of eleven (11) NMC Employees on September 24, 2002. *See* Angello Motion in Limine, Exhibit A, at second ¶ 3. Again,

in response to this request, NMC provided Angello a box of documents, including three-ring binders full of documents. *See* Exhibit B. Included under Tab 4 of one of the three ring binders was the termination notices now being proposed as Exhibit F for NMC. *See* Exhibit B, at 2; *and see* Declaration, at ¶ 5. These are the exact documents provided Angello for copying. For the trial exhibits, they were lifted by NMC directly from the binder given Angello for copying. *See* Declaration, at ¶ 5. It is neither the fault nor the responsibility of NMC to make sure they copy all the documents provided during production.

**NMC Grievance Files**

5.      This is a matter of misunderstanding. When NMC initially identified its proposed exhibits to Angello it only described them briefly and did not attach the actual exhibits. The grievance files proposed as Exhibits were Angello's grievance files and not those of other employees as argued by Angello. *See* Declaration, at ¶ 6. In addition, NMC removed the files from its list of proposed exhibits. *See* Declaration, at ¶ 6. Finally, contrary to the declaration of Angello, all of these grievance files (File No. 01-001, File No. 02-004, File No. 03-001, and File No. 04-006) were made available to Angello and inspected by him, after which he got copies of the pages he deemed important. *See* Declaration, at ¶ 6. It is neither the fault nor the responsibility of NMC to make sure they copy or remember all the documents provided during production.

**Conclusion**

6.      As mentioned in the motion in limine, counsel for the parties have yet to meet to discuss all proposed exhibits, and this is expected to happen on Thursday, December 22, 2005. However, in the event discussions fail, NMC asks that Angello's motion in limine be denied.

Respectfully submitted this  _12-22-05_  .

F. MATTHEW SMITH
Attorney for Defendant

*Opposition To Motion In Limine -- Page 3 of 3*

SAIPAN, COMMONWEALTH OF THE    )
NORTHERN MARIANA ISLANDS       )            CERTIFICATION

I, Celina A. Concepcion, of Judicial Services, Plus, do hereby certify:

That the foregoing deposition was taken by tape recording at the time and place herein set forth and the deponent duly sworn;

That the foregoing pages is a true and correct record of the testimony of the deponent made at the time of the examination recorded and transcribed by me to the best of my knowledge and ability;

That I am not of counsel or attorney for any of the parties in the above entitled matter, nor a relative or employee of such attorney or counsel, nor am I financially interested in the outcome of said matter;

That the deponent, through counsel, has been notified this date of the completion of the transcript for review and signing, the original of which is hereby filed by us with the Law Offices of Vicente T. Salas.

Dated this 11th day of January, 2005.

*Celina A. Concepcion*

Note:  3:40 p.m., 1/13/05, call rec'd - not ordering copy of transcript.

EXHIBIT A

1  LAW OFFICES OF
   **VICENTE T. SALAS**
2  ATTORNEYS AT LAW
   P.O. BOX 501309
3  SAIPAN, MP 96950

4  Tel:   (670) 234-7455/234-7427
   Fax:   (670) 234-7256
5
   Attorneys for Defendant NMC.
6
                    IN THE UNITED STATES DISTRICT COURT
7                              FOR THE
                        NORTHERN MARIANA ISLANDS
8

JOHN (JACK) ANGELLO,            ]   Civil Action No. 03-0014
9                               ]
        Plaintiff,               ]   RESPONSE OF NMC TO PLAINTIFF
10                               ]   JOHN (JACK) ANGELLO'S FIRST
    vs.                          ]   REQUEST FOR PRODUCTION OF
11                               ]   OF DOCUMENTS AND THINGS
NORTHERN MARIANAS COLLEGE,      ]
12                               ]
        Defendants.              ]
13                               ]

14      Defendant Northern Marianas College ("NMC") hereby responds and objects to Plaintiff John (Jack) Angello's First Request for Production of Documents and Things as follows:

16  **General Objections**

17      1.   NMC objects to the instructions and definitions presented to the extent that they seeks to impose obligations which exceed or differ from those imposed by the Federal Rules of Civil Procedure.

        2.   NMC objects to each request to the extent that it is over-broad, unduly burdensome, oppressive, redundant, vague or ambiguous. In this regard, further objection is made as to the near simultaneous submission of several similar Open Government Act requests for no other purpose than to harass and confuse.

        3.   NMC objects to the extent that any request may be construed as calling for documents or information subject to a claim of privilege including, but not limited to, the attorney-client privilege, the work-product doctrine and confidentiality of settlement discussions. Any inadvertent disclosure of information so protected shall not constitute a waiver of such privilege either as to information inadvertently produced or any other information.

        4.   NMC's responses are not intended to waive or prejudice any objection NMC might assert as to the admissibility, relevancy, or discoverability of any document or category of documents.

        5.   NMC objects to these requests to the extent that they seek documents that are already in the possession of Angello or documents that are not in the possession, custody or control of NMC or that are more readily available from parties, persons or entities other than NMC.

        6.   Although it has made a diligent effort to respond, NMC has not completed its analysis of existing discovery in this action and has not completed preparation for trial. NMC hereby reserves its right to amend or supplement his responses, if necessary, at a later date.

EXHIBIT B

7.     NMC objects to these requests to the extend they seek private or confidential documents that concern individuals or employees other than Angello. Any inadvertent disclosure of information protected by the privacy laws of the CNMI shall not constitute a waiver of such confidentiality either as to information inadvertently produced or any other information.

8.     These General Objections are incorporated into each and all of the following responses.

**Response to Request No. 1**
Without waiving, and subject to, his General Objections:
This request is over-broad and unduly burdensome. It could conceivably concern every piece of paper produced or touched by NMC in the past three years. As evidenced by the stacks of paper accompanying these responses, NMC employees at all levels and in many departments have had to spend numerous hours gathering documents to respond to these requests from Angello. Angello already possesses many of the documents he seeks (and has shown as much by attaching them to his pleadings) and now seeks a broad range of irrelevant documents strictly to harass and burden the college. If there are specific documents Angello believes are missing from those provided or those not in his possession already, then NMC will search for such documents if given a good description and will provide them accordingly.

**Response to Request No. 2**
Without waiving, and subject to, his General Objections:
*See* Response to Request No. 1. Notwithstanding, NMC provides herewith (tab 1) copies of the Board agendas from January 2002 to the present. As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 2 (second 2)**
Without waiving, and subject to, his General Objections:
Wright was not terminated and his employment is irrelevant to this action. Nevertheless, see accompanying documents (tab 2). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 3**
Without waiving, and subject to, his General Objections:
Again, the documents requested are irrelevant to this action. Nevertheless, see accompanying documents (tab 3). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 3 (second 3)**
Without waiving, and subject to, his General Objections:
See accompanying documents (tab 4). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.



**Response to Request No. 4**
Without waiving, and subject to, his General Objections:
See accompanying documents (tab 4). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 5**
Without waiving, and subject to, his General Objections:
See accompanying documents (tab 5). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 6**
Without waiving, and subject to, his General Objections:
Objection as to relevance. See accompanying documents (tab 6). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 7**
Without waiving, and subject to, his General Objections:
Objection as to relevance. See accompanying documents (tab 4). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004.

**Response to Request No. 8**
Without waiving, and subject to, his General Objections:
NMC does not file annual corporate reports as such filings are not necessary. It is possible that a couple of reports may have been filed in the past. If they were filed and if Angello wants copies can all be known and copies obtained by checking with the Registrar of Corporations.

**Response to Request No. 9**
Without waiving, and subject to, his General Objections:
Copies of the reports for 2000 and 2003 are in the back pocket of the white binder accompanying this response. As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than Friday, September 3, 2004. Copies of the reports for other years are very limited in number and as a result can only either be obtained from the legislature or at the cost of $.50 per page (payable in advance) by notifying counsel for NMC which years to copy.

**Response to Request No. 10**
Without waiving, and subject to, his General Objections:
NMC has policies and procedures, written and unwritten. These policies are amended and modified to reflect an institution that has the flexibility to properly address the issues it faces; and many of them are unrelated and irrelevant to this action. Notwithstanding these objections, see accompanying documents (tab 10). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a

3

1 | reasonable time but no later than <u>Friday, September 3, 2004</u>.

**Response to Request No. 11**
Without waiving, and subject to, his General Objections:
Vague and over-broad.

**Response to Request No. 12**
Without waiving, and subject to, his General Objections:
See all documents produced as well as the accompanying documents (tab 12). As with all documents that accompany these responses, they are being made available to Angello for inspection and copying, but are not his to retain but belong instead to counsel for NMC and must be returned within a reasonable time but no later than <u>Friday, September 3, 2004</u>. Other documents are not in our possession at this time such as press articles, legal citations and cases, anticipated deposition testimony, all documents attached in all lawsuits to the complaints and grievances filed by Angello in his past and in his possession already.

**Response to Request No. 13**
Without waiving, and subject to, his General Objections:
NMC has not yet decided what if any experts will be presented at trial. As such, NMC currently possesses none of the documents requested. In the event NMC hires an expert or consultant, and in the event any relevant and discoverable reports are made by such an individual, a copy will be provided Angello by NMC at the time and in according with the scheduling orders of the court.

**Response to Request No. 14**
Without waiving, and subject to, his General Objections:
NMC has not yet decided which documents it intends to introduce at a trial in this matter. NMC will make that decision and disclose such documents in accordance with the scheduling orders of the court.

As to objections.

_____
F. MATTHEW SMITH
Attorney for NMC     8-30-04

4