Case 1:03-cv-00014   Document 121   Filed 12/22/2005   Page 1 of 3

FILED
Clerk
District Court

DEC 22 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

VICENTE T. SALAS
Law Office of Vicente T. Salas
2nd Floor, UIU Building
P.O. Box 501309
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorneys for Defendant Northern Marianas College.

## IN THE UNITED STATES DISTRICT COURT
## OF THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO<br><br>Plaintiff,<br><br>-vs-<br><br>NORTHERN MARIANAS COLLEGE<br><br>Defendant. | Civil Action No. 03-0014<br><br>**DECLARATION OF COUNSEL<br>IN SUPPORT OF OPPOSITION<br>TO MOTION IN LIMINE**<br><br>Date: December 27, 2005<br>Time: 9:00 a.m.<br>Judge: Honorable David A. Wiseman<br>        Designated Judge |

In support of Defendant Northern Marianas College's ("NMC") Opposition to Angello's Motion in Limine (filed December 22, 2005), I, F. Matthew Smith, hereby declare, under penalty of perjury, as follows:

1.      I am counsel of record for NMC in the above-styled action and make this declaration

*Declaration of Counsel --- Page 1 of 3*

**ORIGINAL**

on personal knowledge.

2. On August 30, 2004, I had delivered a box of documents to the Law Office of Danilo Aguilar in response to Angello's first request for documents. Included in that box of documents was a large black three-ring binder with tabbed dividers, the numbers of which were referenced in NMC's written response to Angello's document request.

3. The box of documents was left with Angello's attorney for inspection and copying until it was returned to my office in September of 2004.

4. I removed from the three-ring binder (under Tab 4) the reorganizational charts and plans that NMC now proposes as a trial exhibit. I lifted them directly from the three-ring binder and placed them in my proposed trial exhibit binder. The 25 pages of charts and documents were among those provided to Angello's counsel on August 30, 2004 for inspection and copying as they deemed fit.

5. I also removed from the three-ring binder (also under Tab 4) the termination notices of the eleven (11) terminated employees that NMC now proposes as a trial exhibit. I lifted them directly from the three-ring binder and placed them in my proposed trial exhibit binder. The notices were among the documents provided to Angello's counsel on August 30, 2004 for inspection and copying as they deemed fit.

6. Grievance files numbered 01-001, 02-004, 03-001, and 04-006 concerned Angello and not other NMC employees. They were removed from my proposed list of trial exhibits for unrelated reasons; however, they were each provided to Angello, himself, for inspection when he came to my office and personally inspected the files that NMC produced in response to his second RFP (specifically RFP No. 6). Angello reviewed the files, even if he does not now recall their

specific file numbers or labeling.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 22, 2005, at Saipan, CNMI.

F. MATTHEW SMITH