VICENTE T. SALAS
Law Office of Vicente T. Salas
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501309
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorneys for Defendant Northern Marianas College.

### IN THE UNITED STATES DISTRICT COURT
### OF THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOHN (JACK) ANGELLO | Civil Action No. 03-0014 |
| Plaintiff, | |
| -vs- | **OPPOSITION TO PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL** |
| NORTHERN MARIANAS COLLEGE | Date: January 4, 2007 |
| | Time: 8:30 a.m. |
| Defendant. | Judge: Honorable David A. Wiseman, Designated Judge |

Northern Marianas College ("NMC"), previously the Defendant in the above-captioned but now-closed action, hereby opposes John "Jack" Angello's Plaintiff's Motion to Stay Judgment Pending Appeal (filed December 4, 2006).

1. On December 4, 2006, Angello filed his Plaintiff's Motion to Stay Judgment Pending

Appeal, along with a concurrently filed <u>Memorandum in Support of Plaintiff's Motion to Stay Judgment Pending Appeal</u>, and a <u>Declaration in Support of Plaintiff's Motion to Stay Judgment Pending Appeal</u>. In his memorandum, Angello requests the Court to stay the <u>Findings of Fact and Conclusions of Law after Grant of Fed. R. Civ. P. 52 ( c) Motion by Defendant</u> (filed October 6, 2006). A review of all three documents that Angello has filed (in particular **Exhibit 1** attached to Angello's declaration) indicates, however, that Angello's true intention is to postpone paying the <u>Bill of Costs</u> (filed October 13, 2006) pending his appeal. Angello has offered no authority justifying a stay of enforcement of the Bill of Costs pending appeal, nor has he offered any compelling reason why such a stay should be granted. For these reasons, NMC now moves this Court to deny Angello's motion.

  2. Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course." Fed. R. Civ. P. 54(d)(1). The rule also allows for a review of a bill of costs within five days of its filing. *Id.* Angello never requested such a review.

  3. Federal Rule of Civil Procedure 62(e) does allow for a stay upon appeal and the giving of a supersedeas bond, but such a stay is also subject to the restrictions of Rule 62(a). Fed. R. Civ. P. 62(e). Rule 62(a) applies, however, to judgments, not to bills of costs. Fed. R. Civ. P. 62(e). An assessment of costs under Rule 54(d)(1) "does not involve reconsideration of any aspect of the decision on the merits." *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 294 (1988). In fact, because costs are allowed as a matter of course, applications for costs are "presented in the first instance not to the court but to the clerk; a district judge need not take up the issue at all unless the losing party makes a timely motion for judicial review." *Id.* This reflects the policy that costs are sharply distinct from judgment on the merits of a case. *Id.* Because the <u>Bill of Costs</u> assessed

against Angello is distinct from judgment on the merits, it is not subject to the provisions for stay in Rule 62, and its enforcement should be unaffected by any appeal of that judgment.

Angello offered no objection to the <u>Bill of Costs</u> during the five-day period in which he had to respond. He offers no compelling reason now why these costs, unconnected as they are to the merits of his case, should not now be enforced. Indeed, Angello does not even make a direct and forthright request that these costs, and not the judgment itself, now be stayed. For all of these reasons, Angello's motion should now be denied.

Respectfully submitted this 5th day of December.

_____
F. MATTHEW SMITH
Attorney for Defendant NMC